IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATHANIEL & MARY RICHARDSON and TENA BROWN, | : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:10-CV-03256-RWS |
| v. | : : |
| LITTON LOAN SERVICING, N.A., | : : : |
| Defendant. | : : |

## **ORDER**

This case is before the Court on Defendant's Motion to Dismiss [3] and Plaintiffs' Motion for Preliminary Injunction [2]. After reviewing the entire record, the Court enters the following order.

## **Background**

Plaintiffs Nathaniel and Mary Richardson (collectively "Plaintiffs")[1] filed this suit against Litton Loan Servicing, LP ("Litton" or "Defendant") asserting claims following the foreclosure of their home located at 1753 Blue Heron Way,

---

[1] Tena Brown is listed in the caption of this suit, but is not mentioned elsewhere in the complaint. For the Court's purposes, she will also be treated as a Plaintiff.

Hampton, Georgia 30228. (Complaint Dkt. No. [2] at 1). The Court will construe Plaintiffs' complaint as an action for wrongful foreclosure and a preliminary injunction. (Id.). This case was removed to federal court from the Superior Court of Clayton County on October 8, 2010. (See [1]).

On October 12, 2010, Defendant filed the present Motion to Dismiss Plaintiff's Complaint in accordance with Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed no response to this motion. Therefore, pursuant to the local rules of this Court, the instant motion is deemed unopposed. LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). However, courts generally do not grant a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion. Daniel v. United States, 891 F.Supp 600, 602 (N.D. Ga. 1995) (stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that the plaintiff fails to respond); see also Johnson v. Am. Meter Co., 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to such motion). As such, the Court will address the merits of Defendant's motion.

**Discussion**

I.  Service of Process

Defendant has specially appeared and asserts that dismissal is appropriate because it was never served with the complaint.  (Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint and Response to Plaintiffs' Emergency Motion for Preliminary Injunction) ("Def's Memo"), Dkt. No. [3-1] at 4).  Although this action has been removed to federal court, the Court must examine whether Plaintiff complied with Georgia law regarding service of process. Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n. 1 (11 th Cir. 1985); Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1477 (N.D. Ga. 1997).

Prior to removal, Judge Simmons of the Superior Court of Clayton County found that Plaintiffs had failed to serve Defendant as required by O.C.G.A. § 9-11-65(b).  (Complaint, Dkt. No. [2] at 3).  Plaintiffs have made no showing that they attempted to correct the inadequate service of process.  Defendant asserts that they never received the complaint from the Plaintiffs and only learned of the action after it was forwarded to them by Fannie Mae.  (Def's Memo, Dkt. No. [3-1] at 5).

Thus, finding that Defendant was never properly served in this case, dismissal is warranted against Plaintiffs.

II.     Sufficiency of Plaintiffs' Claims

Defendant also asserts that even if service was proper, Plaintiffs' claims should be dismissed as Plaintiffs' complaint fails to state a claim upon which relief can be granted.  (Def's Memo, Dkt [3-1] at p. 5).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does

4

not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Furthermore, a "district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

The Court construes Plaintiffs' complaint to be asserting a cause of action for wrongful disclosure. However, Plaintiffs have pleaded no facts as to why the foreclosure was wrongful or why an injunction is warranted, beyond conclusively stating that there was an "unlawful disclosure." (Complaint, Dkt. No. [2] at 1). Consequently, Plaintiffs' wrongful foreclosure claim is not plausible and Plaintiffs are unable to succeed on the merits. Thus, dismissal is warranted against Plaintiffs for failure to state a claim upon which relief can be granted.

5

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Complaint [3] is **GRANTED** and Plaintiffs' Motion for Preliminary Injunction [2] is **DENIED**. The Clerk is directed to close this case.

SO ORDERED, this  10th  day of March, 2011.

*Richard W. Story*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE